## Smith v. Narques

*Charles E. Weston*, for plaintiff.
*John A. Robb, Jr.*, for defendant.

WETTICK, *J.*, December 20, 1978—Plaintiff instituted this negligence action to recover damages for hospital and medical expenses, work loss and pain and suffering. Defendant's motion for summary judgment is the subject of this opinion and order of court.

The facts are not in dispute. Plaintiff was struck

by a bicycle operated by defendant while exiting from a bus owned and operated by Port Authority Transit ("PAT"). The accident occurred after plaintiff was outside of the bus, the bus had closed its doors and plaintiff was in the street walking toward the curb.[1]

Defendant bases his motion for summary judgment on section 301 of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, art. III, sec. 301, 40 P.S. §1009.301, which, subject to certain exceptions that are not relevant to this case, provides that: *"Tort liability is abolished with respect to any injury* that takes place in this State in accordance with the provisions of this act *if such injury arises out of the maintenance or use of a motor vehicle. . . ."* (Emphasis supplied.) Maintenance or use of a motor vehicle is defined by section 301 of the No-fault Act as follows: "'Maintenance or use of a motor vehicle' means maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it."

Defendant contends that under the facts of this case plaintiff was in the process of "alighting" from a motor vehicle when the accident occurred and thus plaintiff's negligence claim is barred by section 301 of the No-fault Act.[2] Plaintiff, on the other

---

1. The bus stopped possibly as far as eight feet from the curb to let plaintiff exit and plaintiff was four to five feet from the curb when he was struck by defendant's bicycle.

2. Defendant, of course, contends that plaintiff is entitled to seek no-fault benefits from PAT pursuant to the provisions of the No-fault Act. PAT, however, has refused to provide no-fault benefits on the ground that plaintiff was no longer "alighting" from its bus when the accident occurred.

hand, contends that under the facts of this case he was no longer "alighting" from the bus when the accident occurred so this is not a damage action for injuries arising out of "the maintenance or use of a motor vehicle" within the meaning of section 301.

We find it unnecessary to reach the question of whether plaintiff's claim involves an injury arising out of "the maintenance or use of a motor vehicle" because we rule that defendant may not claim the protections of section 301 of the No-fault Act. The No-fault Act requires only owners of motor vehicles which may be registered under the Pennsylvania motor vehicle code to provide security for the payment of no-fault benefits: sections 103, 104. For the reasons set forth below, we construe section 301 to abolish tort liability with respect to injuries arising out of the maintenance or use of a motor vehicle only as to claims against owners and operators of motor vehicles for which no-fault security is required. Under this construction of section 301, tort liability is not abolished with respect to defendant because a bicycle is not a motor vehicle for which no-fault security is required.

Through the No-fault Act, the legislature has in cases of relatively minor accidents substituted the prompt and sure recovery of economic loss for the delayed and uncertain awards of the courts. See Singer v. Sheppard, 464 Pa. 387, 346 A. 2d 897 (1975). The purpose of this legislation is "to establish at reasonable cost to the purchaser of insurance, a Statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims and the survivors of deceased victims." section 102(b). This purpose will not be furthered by permitting an actor whose alleged tortious conduct does not arise out of the maintenance or operation of a motor vehicle and who has no obligation to

provide no-fault benefits to obtain section 301's protections merely because at the time of the injury the injured party happened to be occupying, entering into or alighting from a motor vehicle. To extend section 301's protections to this actor will neither benefit the victim because the actor does not provide no-fault benefits for economic losses in lieu of tort damages upon a showing of fault nor reduce the cost of automobile insurance because a tort recovery against the actor in no way increases automobile insurance costs. See, generally, Singer v. Sheppard, supra, at 906, where the Supreme Court recognized that the purpose of the No-fault Act would not be furthered by extending the act's coverage "outside the context of a motor vehicle accident."[3]

The no-fault legislative scheme is a trade-off in which victims of relatively minor automobile accidents give up their rights to seek recovery for noneconomic losses in exchange for the guarantee of prompt and full payment of economic losses regardless of fault. Thus, section 301's exemption from tort liability is intended to protect only those who must provide no-fault security. There is no basis for believing that the legislature intended to permit persons operating outside of the no-fault

---

3. If we were to permit the defendant in this case to claim section 301(a)'s protections, we must also be prepared to bar tort liability in situations in which an occupant of an automobile is injured when the automobile is struck by a telephone pole that was improperly secured, an occupant of an automobile is injured when struck by a negligently thrown snowball, an occupant of an automobile is injured because a municipality fails to post warning signs on a highway construction site and an occupant of an automobile falls on an icy sidewalk when exiting from the automobile.

scheme to receive a free ride; to the contrary, such a reading of section 301 is inconsistent with the regulatory scheme, undermines the purpose of the No-fault Act and produces a result that is unreasonable and absurd.

Because we rule that defendant may not claim section 301's protections, we deny his motion for summary judgment.

## ORDER

On this December 20, 1978, it is hereby ordered that defendant's motion for summary judgment is denied.